| | |
|---|---|
| · **DISTRICT COURT, BOULDER COUNTY, STATE OF COLORADO** | DATE FILED: November 27, 2017 4:14 PM<br>FILING ID: 9C6544B5AB9A3<br>CASE NUMBER: 2017CV31173 |
| **Court Address: 1777 Sixth Street Boulder, CO 80302** | |
| **Plaintiff:**      Jacqueline Kremlacek, individually and on behalf of all persons similarly situated<br><br>**v.**<br><br>**Defendant:**   Progressive Direct Insurance Company, a foreign corporation | Δ COURT USE ONLY Δ<br><br>Case No.: _____ |
| *Attorneys for Plaintiff:*<br><br>John G. Taussig, III, #13496<br>Scott D. Smith, # 35009<br>TAUSSIG & SMITH, P.C.<br>5377 Manhattan Circle, Suite 203<br>Boulder, Colorado 80303<br>Telephone:      303-443-2700<br>Facsimile:      303-448-9600<br>E-Mail:          jt@taussigsmith.com<br>                  scott@taussigsmith.com<br><br>Gregory A. Gold, No. 26064<br>Michael J. Rosenberg, No. 27471<br>THE GOLD LAW FIRM, L.L.C.<br>7375 East Orchard Road, Suite 300<br>Greenwood Village, CO 80111<br>Telephone:  (303) 694-4653<br>Facsimile:  (303) 468-6155<br>Email: Greg@TheGoldLawFirm.net<br>          Mike@TheGoldLawFirm.net | |

**DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT**

1.      **This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading.**  It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases.  Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2.  **Check one of the following:**

☐This case is governed by C.R.C.P. 16.1 because:

- The case is not a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding; *AND*

- A monetary judgment over $100,000 is not sought by any party against any other single party.  This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

X  This case is not governed by C.R.C.P. 16.1 because (check ALL boxes that apply):

☐The case is a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding.

X  A monetary judgment over $100,000 is sought by any party against any other single party.  This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

☐Another party has previously indicated in a Case Cover Sheet that the simplified procedure under C.R.C.P. 16.1 does not apply to the case.

*NOTE: In any case to which C.R.C.P. 16.1 does not apply, the parties may elect to use the simplified procedure by separately filing a Stipulation to be governed by the rule within 49 days of the at-issue date.  See C.R.C.P. 16.1(e).  In any case to which C.R.C.P. 16.1 applies, the parties may opt out of the rule by separately filing a Notice to Elect Exclusion (JDF 602) within 35 days of the at-issue date.  See C.R.C.P. 16.1(d).*
☐A Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating:

☐C.R.C.P. 16.1 applies to this case.

X  C.R.C.P. 16.1 does not apply to this case.

**3.**  ☐ This party makes a **Jury Demand** at this time and pays the requisite fee.  *See* C.R.C.P. 38.  (Checking this box is optional.)

Respectfully submitted this 27th day of November, 2017.

TAUSSIG & SMITH, P.C.

By:  /s/ John G. Taussig, III_____
John G. Taussig, III #13496
Attorney for Plaintiff

DATE FILED: November 27, 2017 4:14 PM
FILING ID: 9C6544B5AB9A3
CASE NUMBER: 2017CV31173

**DISTRICT COURT, BOULDER COUNTY, STATE OF COLORADO**

**Court Address:**
**1777 Sixth Street**
**Boulder, CO 80302**

| | |
|---|---|
| **Plaintiff:** Jacqueline Kremlacek, individually and on behalf of all persons similarly situated | Δ COURT USE ONLY Δ |
| **v.** | |
| **Defendant:** Progressive Direct Insurance Company, a foreign corporation | Case No.: _____ |

*Attorneys for Plaintiff:*

John G. Taussig, III, #13496
Scott D. Smith, # 35009
TAUSSIG & SMITH, P.C.
5377 Manhattan Circle, Suite 203
Boulder, Colorado 80303
Telephone:    303-443-2700
Facsimile:    303-448-9600
E-Mail:       jt@taussigsmith.com
              scott@taussigsmith.com

Gregory A. Gold, No. 26064
Michael J. Rosenberg, No. 27471
THE GOLD LAW FIRM, L.L.C.
7375 East Orchard Road, Suite 300
Greenwood Village, CO 80111
Telephone:  (303) 694-4653
Facsimile:   (303) 468-6155
Email: Greg@TheGoldLawFirm.net
       Mike@TheGoldLawFirm.net

## COMPLAINT AND JURY DEMAND

Plaintiff, Jacqueline Kremlacek, individually and as a member of a class to be certified pursuant to C.R.C.P. 23, by and through her counsel, John G. Taussig, III and Scott D. Smith of Taussig & Smith, P.C., and Gregory A. Gold and Michael J. Rosenberg

of the Gold Law Firm, L.L.C., and for her Complaint against Defendant, Progressive Direct Insurance Company, states and alleges as follows:

## I.    PARTIES AND JURISDICTION

1.    Plaintiff, Jacqueline Kremlacek, is a resident of Adams County, Colorado.

2.    Upon information and belief, Defendant Progressive Direct Insurance Company ("Progressive") is incorporated under the laws of the State of Ohio, maintains its principal place of business in the State of Ohio, and is authorized to conduct the business of insurance in the State of Colorado.

3.    This Court possesses subject matter jurisdiction to adjudicate the claims alleged herein under the provisions of Article VI, Section 9 of the Colorado Constitution.

4.    Venue is proper in this County pursuant to C.R.C.P. 98(c), as the Defendant is a non-resident corporation that may be found in this County, and it is the place which Plaintiff designates for trial of this action.

## II.    GENERAL ALLEGATIONS

5.    On November 28, 2014, in Adams County, Colorado, Ms. Kremlacek, through no fault of her own, sustained personal injuries caused by the negligence of Antonio Hernandez-Pozos in the operation of his motor vehicle.

6.    Antonio Hernandez-Pozos was insured against liability under a policy of insurance issued by Arizona Automobile Insurance Company/Legacy, which contained limits of $25,000.00 per person and $50,000.00 per occurrence.

7.    At the time of the accident, Ms. Kremlacek was insured under an automobile policy through Defendant Progressive, Policy No. 80775298 (the "Policy").

8.    The Policy provides Underinsured Motorist ("UIM") coverage in the amount of $100,000 per person and $300,000 per accident.

9.    The Policy provides, in pertinent part:  Defendant will pay any damages the insured/Plaintiff is entitled to recover from the underinsured driver/tortfeasor.

10.    Upon information and belief, Ms. Kremlacek's policy is a standard Progressive form policy.

11.    Upon information and belief, Progressive has issued hundreds, if not thousands, of similar policies in the State of Colorado.

12.     Antonio Hernandez-Pozos' liability insurer, Arizona Automobile Insurance Company/Legacy, with Progressive's consent, paid its bodily injury policy limit.

13.     Ms. Kremlacek thereafter sought UIM benefits from Progressive.

14.     The Policy remained current and in effect during all relevant time periods herein.

15.     Progressive paid all recoverable damages except pre-judgment interest pursuant to the personal injury interest statute.

16.     Pre-judgment interest is part of the damages Mrs. Kremlacek was entitled to recover from the underinsured tortfeasor.

### III.    CLASS ACTION ALLEGATIONS

17.     Ms. Kremlacek brings this action on her own behalf and as a class action pursuant to C.R.C.P. 23, on behalf of the following class of persons:

> The class consists of those persons or entities within the State of Colorado who purchased insurance policies from Progressive in the State of Colorado subject to C.R.S. § 10-4-609 between 2008 and the present that contained uninsured/underinsured motorist coverage.

18.     The class is so numerous and geographically dispersed throughout Colorado that joinder of all members is impracticable.  Upon information and belief, Progressive sold thousands of automobile policies in the State of Colorado between 2008 and the present that contain the UM coverage.  Upon information and belief, Progressive enforced a corporate policy of refusing to pay interest and used the corporate policy in an effort to leverage, as it did with Ms. Kremlacek, a settlement for less than policy limits and less than the amount which a reasonable insurer would have known to be due and owing on the claim.

19.     Common questions of law and fact exist as to all members of the class and predominate over any question solely affecting individual members of the class.  The questions of law and fact common to the class include, but are not limited, to, whether:

> a.  Progressive's corporate practice / policy dilutes statutorily mandated UIM coverage under C.R.S. § 10-4-609;

> b.  Progressive's corporate practice / policy is void and unenforceable as against public policy pursuant to Colorado law;

c. Class members are entitled to reimbursement for interest.

20.     Ms. Kremlacek's claims are typical of the claims of the class because other members of the class have purchased automobile insurance contracts from Progressive that include the _____, have had the corporate practice / policy used against them by Progressive in an effort to leverage a lower settlement, and are similarly entitled to declaratory relief that such provision is unenforceable. Specifically, upon information and belief, from _____ to the present, Progressive has issued policies containing the _____ and has enforced or attempted to enforce such corporate practice / policy against its insureds, in direct contravention of _____.

21.     Ms. Kremlacek will fairly and adequately protect the interest of the class. Ms. Kremlacek's interests are not antagonistic to nor in conflict with the broader interests Ms. Kremlacek seeks to serve and protect as class representative. Moreover, Ms. Kremlacek has retained counsel who is competent and experienced in insurance and class action litigation and who will vigorously prosecute this action.

22.     This case should be maintained as a class action pursuant to C.R.C.P. 23(b)(2) because the prerequisites of C.R.C.P. 23(a) have been satisfied, and Progressive has acted and refused to act on grounds generally applicable to the class, thereby making appropriate declaratory and other relief with respect to the class as a whole.

23.     Additionally, this case should be maintained as a class action pursuant to C.R.C.P. 23(b)(3) because questions of law or fact common to the members of the class predominate over any questions affecting only individual members. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since, among other things, joinder of all members of the class is impracticable. Furthermore, the expense and burden of individual litigation makes it impractical for all members of the class to individually seek to redress the wrongs done to them. Indeed, since the common harm involves technical issues of automobile insurance law and declaratory relief involving insurance contracts, many individual members of the class may be unaware of their rights and unable to protect themselves. The class is readily definable and will eliminate the possibility of repetitious litigation.

24.     Ms. Kremlacek knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

25.     Ms. Kremlacek realleges and incorporates by reference paragraphs 1 through 24 of this Complaint and Jury Demand.

26.     This is a claim for declaratory relief pursuant to Colo. R. Civ. P. 57 and C.R.S. §§ 13-51-101, et seq., the Uniform Declaratory Judgments Act.

27.     Ms. Kremlacek, individually and as representative of a class, seeks a declaration of the rights and obligations of the parties to this action under the Policy.

28.     Entry of a judgment by the Court declaring the rights and obligations of the parties would end the uncertainty, insecurity, and controversy with respect to the rights, status, or other legal relations between and among all of the interested parties and promote the timely resolution of the remaining claims and the interests of justice.

29.     For these and other reasons, Ms. Kremlacek asks the court to declare that Progressive's corporate practice / policy is unenforceable and violates Colorado public policy, and for such other and further relief as may be appropriate under the law, including money damages.

## SECOND CLAIM FOR RELIEF
### (Violation of C.R.S. § 10-3-1115)

30.     Ms. Kremlacek realleges and incorporates by reference paragraphs 1 through 29 of this Complaint and Jury Demand.

31.     C.R.S. § 10-3-1115, forbids an insurer from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of a first-party claimant.

32.     Ms. Kremlacek is a first-party claimant under § 10-3-1115(1)(b)(I).

33.     Defendant Progressive delayed Ms. Kremlacek's offer to settle the UIM claim without a reasonable basis within the meaning of § 10-3-1115.

34.     Section 10-3-1116, provides that a first-party claimant whose claim has been unreasonably delayed or denied by an insurer may bring an action in a Colorado district court to recover reasonable attorney fees and court costs, and two times the covered benefit.

35.     Progressive's actions, as described above, violate § 10-3-1115.

36.     Ms. Kremlacek brings this claim to recover his reasonable attorney fees and court costs, and two-times the covered benefit, pursuant to § 10-3-1116.

### THIRD CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

37.    Ms. Kremlacek realleges and incorporates by reference paragraphs 1 through 36 of this Complaint and Jury Demand.

38.    Defendant Progressive owed Ms. Kremlacek duties under the Policy's implied covenant of good faith and fair dealing, wherein Defendant Progressive covenanted that it would, in good faith and in the exercise of fair dealing, deal with its insured fairly and honestly, faithfully perform its obligations under the Policy, and do nothing to impair, interfere with, hinder, or potentially injure its insured's rights to receive the benefits of the insurance policy.

39.    Despite its insuring obligations, when Progressive finally attempted to settle Ms. Kremlacek's UIM claim, it offered him an amount that was grossly insufficient to compensate him for the injuries he sustained in the accident, as described above.

40.    Progressive placed its own interests above Ms. Kremlacek's interests when it failed and refused to offer UIM benefits in a reasonable amount to compensate him for the injuries that he sustained in the accident.

41.    Defendant Progressive breached its duty of good faith and fair dealing by its actions, which included, without limitation, the following unreasonable acts:

a.  failing to adopt and implement reasonable standards for the prompt, proper, and adequate investigation of Ms. Kremlacek's claim for UIM benefits;

b.  taking an unreasonable position regarding Ms. Kremlacek's damages;

c.  failing to investigate and/or appreciate the nature and severity of Ms. Kremlacek's injuries;

d.  not attempting in good faith to effectuate a prompt, fair and equitable settlement of Ms. Kremlacek's claim for UIM benefits;

e.  compelling its insured to institute litigation to recover amounts due under the Policy;

f.  placing its own interests above those of its insured;

g.  engaging in conduct prohibited by C.R.S. § 10-1-101 and 10-3-1104(1)(h);

h.  engaging in conduct prohibited by C.R.S. § 10-3-1115; and

    i.   other conduct to be revealed in discovery.

42.    Progressive knew or recklessly disregarded the fact that its conduct was unreasonable.

43.    As a result of Defendant Progressive's bad faith breach of the insurance contract, Ms. Kremlacek is entitled to damages in an amount to be proved at trial.

WHEREFORE, Plaintiff Jacqueline Kremlacek, individually and as representative of a class, prays for judgment in her favor and against Defendant Progressive Direct Insurance Company as follows:

(a)    For compensatory damages, both economic and non-economic;

(b)    For all interest, statutory or moratory, allowed by law;

(c)    For two-times the covered benefit delayed / denied;

(d)    For reasonable attorneys' fees and costs of suit herein;

(e)    For a declaratory judgment as set forth above; and

(f)    For such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 27th day of November, 2017.

TAUSSIG & SMITH, P.C.

By:  /s/ John G. Taussig, III
    John G. Taussig, III #13496
    Attorney for Plaintiff

**Plaintiff's Address:**
7451 Beach Ct.
Westminster, Colorado 80030

**DISTRICT COURT, BOULDER COUNTY,
STATE OF COLORADO**

DATE FILED: January 29, 2018 3:40 PM
FILING ID: 798C25D08348F
CASE NUMBER: 2017CV31173

**Court Address: 1777
Sixth Street
Boulder, CO 80302**

| | |
|---|---|
| **Plaintiff:**　　Jacqueline Kremlacek, individually and on behalf of all persons similarly situated | Δ COURT USE ONLY Δ |
| **v.** | |
| **Defendant:**　Progressive Direct Insurance Company, a foreign corporation | Case No.: 2017CV31173 |

*Attorneys for Plaintiff:*

John G. Taussig, III, #13496
Scott D. Smith, # 35009
TAUSSIG & SMITH, P.C.
5377 Manhattan Circle, Suite 203
Boulder, Colorado 80303
Telephone:　　303-443-2700
Facsimile:　　303-448-9600
E-Mail:　　　jt@taussigsmith.com
　　　　　　　scott@taussigsmith.com

Gregory A. Gold, No. 26064
Michael J. Rosenberg, No. 27471
THE GOLD LAW FIRM, L.L.C.
7375 East Orchard Road, Suite 300
Greenwood Village, CO 80111
Telephone:  (303) 694-4653
Facsimile:  (303) 468-6155
Email: Greg@TheGoldLawFirm.net
　　　　Mike@TheGoldLawFirm.net

**MOTION FOR EXTENSION OF TIME TO FILE RETURN OF SERVICE
AND STATUS REPORT**

COMES NOW the Plaintiff Jacqueline Kremlacek, by and through her attorneys, John G.

Taussig, III of Taussig & Smith, PC, Gregory A. Gold and Michael J. Rosenberg of The Gold

Law Firm, LLC and submits the following Motion for Extension of Time to File Return of Service and Status Report.

1.     This matter arises from an automobile accident that occurred on November 28, 2014.

2.     Plaintiff filed her complaint on November 27, 2017 to preserve her claims in light of the UIM statute of limitations.

3.     Pursuant to CRCP 4**(m)** if defendants are not served within 63 days after the complaint is filed, a case may be dismissed without prejudice or the deadline for service may be extended.

4.     **The** 63-day deadline to serve the Complaint on Defendant or submit a request for additional time is due today, January 29, 2018.

5     Here, dismissal without prejudice would not serve justice as Plaintiff's claims would be lost to the statute of limitations. Plaintiff is waiting for the Colorado Supreme Court's ruling in a case, *Munoz v. State Farm Mut. Auto. Ins. Co.*, App. 1998, 968 P.2d 126; which is expected in the near future and will have a significant effect on this case. Therefore it is in the interest of justice to extend the date for accomplishing service of the defendant for an additional 63 days. Once the Supreme Court's ruling comes down in *Munoz*, Plaintiff will notify this Court immediately and send this complaint out for service, unless some other action is more appropriate based on the ruling.

6.     It is in the interest of justice and consistent with C.R.C.P. 1 to allow

Plaintiff the additional time she requests. If the Colorado Supreme Court rules

consistent with Plaintiff's claims, no party will be prejudiced by this delay as this

case will be resolved by dispositive motions. There are few, if any, relevant,

disputed facts. If the Supreme Court rules the other way, Plaintiff can choose to

dismiss this case and it serves justice to avoid forcing Defendant to Answer a

Complaint when it may be unnecessary.

7.      Plaintiff requests an additional sixty three (63) days to either serve the Complaint

or provide this Court with a status report as the developments in this matter.

8.      Plaintiff has not abandoned her claim.  To the contrary, she has taken appropriate

steps to preserve them.  *Levine v. Colorado Transportation Company,* 429 P. 2d

274, 276 (Colo. 1967); *Mizar v. Jones,* 403 P.2d 767 (Colo. 1965).

Wherefore, Plaintiff requests that this Court grant her an extension of time, up to and

including April 2, 2018 in which to have the Complaint served otherwise indicate why other

action is appropriate.

Respectfully submitted this 29th day of January, 2018.

TAUSSIG & SMITH, P.C.

By:  /s/ John G. Taussig, III_____
          John G. Taussig, III #13496
          Attorney for Plaintiff

3

**DISTRICT COURT, BOULDER COUNTY,
STATE OF COLORADO**

DATE FILED: January 29, 2018 3:40 PM
FILING ID: 798C25D08348F
CASE NUMBER: 2017CV31173

**Court Address: 1777
Sixth Street
Boulder, CO 80302**

| | | |
|---|---|---|
| **Plaintiff:** | Jacqueline Kremlacek, individually and on behalf of all persons similarly situated | Δ COURT USE ONLY Δ |
| **v.** | | |
| **Defendant:** | Progressive Direct Insurance Company, a foreign corporation | Case No.: 2017CV31173 |

## PROPOSED ORDER RE: MOTION FOR EXTENSION OF TIME TO FILE RETURN OF SERVICE AND STATUS REPORT

COMES NOW the Court, having reviewed and considered same, hereby

GRANTS Plaintiff's Motion.  Plaintiff shall have up to and including April 2, 2018, to serve Defendant or will otherwise indicate why other action is appropriate.

SO ORDERED this _____ day of _____, 2018.

_____
District Court Judge

| | |
|---|---|
| DISTRICT COURT, BOULDER COUNTY, COLORADO<br><br>Court Address:<br>1777 Sixth Street P.O. Box 4249, Boulder, CO, 80306-4249<br><br>**Plaintiff(s)** JACQUELINE KREMLACEK<br><br>v.<br><br>**Defendant(s)** PROGRESSIVE DIRECT INSURANCE COMPANY | DATE FILED: January 31, 2018 11:42 AM<br>CASE NUMBER: 2017CV31173<br><br><br><br><br>⚠ **COURT USE ONLY** ⚠ |
| | Case Number:  2017CV31173 |
| | Division: 2          Courtroom: |
| **Order: Motion for Extension of Time to File Return of Service and Status Report** | |

The motion/proposed order attached hereto: DENIED IN PART.

Plaintiff's grounds for her request for extension of time are that she is waiting for the Colorado Supreme Court's ruling in a case, *Munoz v. State Farm Mut. Auto. Ins. Co.,* App. 1998, 968 P.2d 126; which is expected in the near future and will have a significant effect on this case. The Court's inquiries indicate that this is a 1998 Court of Appeals case with no action currently pending in the Colorado Supreme Court.

Plaintiff shall serve Defendant, or file an amended pleading addressing the issue, by February 12, 2018.


Issue Date:  1/31/2018

NANCY WOODRUFF SALOMONE
District Court Judge

| | |
|---|---|
| **DISTRICT COURT, BOULDER COUNTY, STATE OF COLORADO**<br><br>**Court Address: 1777 Sixth Street Boulder, CO 80302** | |
| **Plaintiff:**    Jacqueline Kremlacek, individually and on behalf of all persons similarly situated<br><br>**v.**<br><br>**Defendant:**   Progressive Direct Insurance Company, a foreign corporation | Δ COURT USE ONLY Δ<br><br>Case No.: 2017CV31173 |
| *Attorneys for Plaintiff:*<br><br>John G. Taussig, III, #13496<br>Scott D. Smith, # 35009<br>TAUSSIG & SMITH, P.C.<br>5377 Manhattan Circle, Suite 203<br>Boulder, Colorado 80303<br>Telephone:   303-443-2700<br>Facsimile:    303-448-9600<br>E-Mail:       jt@taussigsmith.com<br>             scott@taussigsmith.com<br><br>Gregory A. Gold, No. 26064<br>Michael J. Rosenberg, No. 27471<br>THE GOLD LAW FIRM, L.L.C.<br>7375 East Orchard Road, Suite 300<br>Greenwood Village, CO 80111<br>Telephone:  (303) 694-4653<br>Facsimile:  (303) 468-6155<br>Email: Greg@TheGoldLawFirm.net<br>        Mike@TheGoldLawFirm.net | |

## MOTION FOR EXTENSION OF TIME TO FILE RETURN OF SERVICE AND STATUS REPORT

COMES NOW the Plaintiff Jacqueline Kremlacek, by and through her attorneys, John G.

Taussig, III of Taussig & Smith, PC, Gregory A. Gold and Michael J. Rosenberg of The Gold

Law Firm, LLC and submits the following Motion for Extension of Time to File Return of Service and Status Report.

1.    This matter arises from an automobile accident that occurred on November 28, 2014.

2.    Plaintiff filed her complaint on November 27, 2017 to preserve her claims in light of the UIM statute of limitations.

3.    Pursuant to CRCP 4(**m**) if defendants are not served within 63 days after the complaint is filed, a case may be dismissed without prejudice or the deadline for service may be extended.

4.    **The** 63-day deadline to serve the Complaint on Defendant or submit a request for additional time is due today, January 29, 2018.

5    Here, dismissal without prejudice would not serve justice as Plaintiff's claims would be lost to the statute of limitations. Plaintiff is waiting for the Colorado Supreme Court's ruling in a case, *Munoz v. State Farm Mut. Auto. Ins. Co.*, App. 1998, 968 P.2d 126; which is expected in the near future and will have a significant effect on this case. Therefore it is in the interest of justice to extend the date for accomplishing service of the defendant for an additional 63 days. Once the Supreme Court's ruling comes down in *Munoz*, Plaintiff will notify this Court immediately and send this complaint out for service, unless some other action is more appropriate based on the ruling.

6.    It is in the interest of justice and consistent with C.R.C.P. 1 to allow

Plaintiff the additional time she requests. If the Colorado Supreme Court rules

consistent with Plaintiff's claims, no party will be prejudiced by this delay as this

case will be resolved by dispositive motions. There are few, if any, relevant,

disputed facts. If the Supreme Court rules the other way, Plaintiff can choose to

dismiss this case and it serves justice to avoid forcing Defendant to Answer a

Complaint when it may be unnecessary.

7.    Plaintiff requests an additional sixty three (63) days to either serve the Complaint

or provide this Court with a status report as the developments in this matter.

8.    Plaintiff has not abandoned her claim. To the contrary, she has taken appropriate

steps to preserve them. *Levine v. Colorado Transportation Company,* 429 P. 2d

274, 276 (Colo. 1967); *Mizar v. Jones,* 403 P.2d 767 (Colo. 1965).

Wherefore, Plaintiff requests that this Court grant her an extension of time, up to and

including April 2, 2018 in which to have the Complaint served otherwise indicate why other

action is appropriate.

Respectfully submitted this 29th day of January, 2018.

TAUSSIG & SMITH, P.C.

By:  /s/ John G. Taussig, III_____
        John G. Taussig, III #13496
        Attorney for Plaintiff

DATE FILED: February 6, 2018 4:03 PM
FILING ID: 48954565E8E77
CASE NUMBER: 2017CV31173

**DISTRICT COURT, BOULDER COUNTY,
STATE OF COLORADO**

**Court Address: 1777
Sixth Street
Boulder, CO 80302**

| | | |
|---|---|---|
| **Plaintiff:** | Jacqueline Kremlacek, individually and on behalf of all persons similarly situated | Δ COURT USE ONLY Δ |
| **v.** | | Case No.: 2017CV31173 |
| **Defendant:** | Progressive Direct Insurance Company, a foreign corporation | |

*Attorneys for Plaintiff:*

John G. Taussig, III, #13496
Scott D. Smith, # 35009
TAUSSIG & SMITH, P.C.
5377 Manhattan Circle, Suite 203
Boulder, Colorado 80303
Telephone:      303-443-2700
Facsimile:      303-448-9600
E-Mail:         jt@taussigsmith.com
                scott@taussigsmith.com

Gregory A. Gold, No. 26064
Michael J. Rosenberg, No. 27471
THE GOLD LAW FIRM, L.L.C.
7375 East Orchard Road, Suite 300
Greenwood Village, CO 80111
Telephone:  (303) 694-4653
Facsimile:  (303) 468-6155
Email: Greg@TheGoldLawFirm.net
       Mike@TheGoldLawFirm.net

**AMENDED MOTION FOR EXTENSION OF TIME TO FILE RETURN OF SERVICE
AND STATUS REPORT**

COMES NOW the Plaintiff Jacqueline Kremlacek, by and through her attorneys, John G.

Taussig, III of Taussig & Smith, PC, Gregory A. Gold and Michael J. Rosenberg of The Gold

Law Firm, LLC and submits the following Amended Motion for Extension of Time to File

Return of Service and Status Report.

1.      On January 29, 2018, Plaintiff, in her motion requesting additional time, cited the

case of *Munoz v. State Farm Mut. Auto. Ins. Co*., App. 1998, 968 P.2d 126 in

error.  The case that Plaintiff was referring to is *Joel Munoz v. American Family*

*Mutual Insurance Company*, Court of Appeals No. 16CA416; No. 17SC247. A

copy of the Supreme Court's Order granting certiorori is attached and labeled

Exhibit 1.

2.      Plaintiff suggests waiting for the Colorado Supreme Court's ruling in *Munoz v.*

*American Family Mutual Insurance Company,* which is expected in the near

future, before proceeding with this case is in the interest of justice as it will have a

significant effect on this case. The Court's ruling seemed in part based on the

mistake Plaintiff made in citing the wrong case. Plaintiff would request that she

be allowed an additional 63 days for the reasons stated in her original motion.

Once the Supreme Court's ruling comes down in *Munoz*, Plaintiff will notify this

Court immediately and send this complaint out for service, unless some other

action is more appropriate based on the ruling.

3.      It is in the interest of justice and consistent with C.R.C.P. 1 to allow

Plaintiff the additional time she requests. If the Colorado Supreme Court rules

consistent with Plaintiff's claims, no party will be prejudiced by this delay as this

case will be resolved by dispositive motions. There are few, if any, relevant,

2

disputed facts. If the Supreme Court rules the other way, Plaintiff can choose to

dismiss this case and it serves justice to avoid forcing Defendant to Answer a

Complaint when it may be unnecessary.

4.    Plaintiff requests an additional sixty three (63) days to either serve the Complaint

or provide this Court with a status report as the developments in this matter.

5.    Plaintiff has not abandoned her claim.  To the contrary, she has taken appropriate

steps to preserve them.  *Levine v. Colorado Transportation Company,* 429 P. 2d

274, 276 (Colo. 1967); *Mizar v. Jones,* 403 P.2d 767 (Colo. 1965).

Wherefore, Plaintiff requests that this Court grant her an extension of time, up to and

including April 2, 2018 in which to have the Complaint served otherwise indicate why other

action is appropriate.

Respectfully submitted this 6th day of February 2018.

TAUSSIG & SMITH, P.C.

By:  /s/ John G. Taussig, III
        John G. Taussig, III #13496
        Attorney for Plaintiff

3

2017 WL 3868023

Only the Westlaw citation is currently available.

Supreme Court of Colorado.

DATE FILED: February 6, 2018 4:03 PM
FILING ID: 48954565E8E77
CASE NUMBER: 2017CV31173

Joel MUNOZ,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY.

No. 17SC247
|
September 5, 2017

Court of Appeals Case No. 16CA416

EN BANC.

### Opinion

**\*1** Petition for Writ of Certiorari GRANTED.

[REFRAMED] Whether, pursuant to section 10–4–609(4), C.R.S. (2016), an insured is "legally entitled" to prejudgment interest under section 13–21–101(1), C.R.S. (2016) when the insured chooses to settle an uninsured motorist claim with his insurer in lieu of filing a lawsuit and proceeding to judgment.

DENIED AS TO ALL OTHER ISSUES.

### All Citations

Not Reported in P.3d, 2017 WL 3868023

End of Document                    © 2018 Thomson Reuters. No claim to original U.S. Government Works.

Exhibit 1

DATE FILED: February 6, 2018 4:03 PM
FILING ID: 48954565E8E77
CASE NUMBER: 2017CV31173

**DISTRICT COURT, BOULDER COUNTY,
STATE OF COLORADO**

**Court Address: 1777
Sixth Street
Boulder, CO 80302**

| | |
|---|---|
| **Plaintiff:** Jacqueline Kremlacek, individually and on behalf of all persons similarly situated | Δ COURT USE ONLY Δ |
| **v.** | Case No.: 2017CV31173 |
| **Defendant:** Progressive Direct Insurance Company, a foreign corporation | |

**PROPOSED ORDER RE: AMENDED MOTION FOR EXTENSION OF TIME TO FILE
RETURN OF SERVICE AND STATUS REPORT**

COMES NOW the Court, having reviewed and considered same, hereby

GRANTS Plaintiff's Motion. Plaintiff shall have up to and including April 2, 2018, to serve Defendant or will otherwise indicate why other action is appropriate.

SO ORDERED this _____ day of _____, 2018.

_____
District Court Judge

| DISTRICT COURT, BOULDER COUNTY, COLORADO | |
|---|---|
| Court Address:<br>1777 Sixth Street P.O. Box 4249, Boulder, CO, 80306-4249 | DATE FILED: February 14, 2018 11:16 AM<br>CASE NUMBER: 2017CV31173 |
| **Plaintiff(s)** JACQUELINE KREMLACEK<br>v.<br>**Defendant(s)** PROGRESSIVE DIRECT INSURANCE COMPANY | |
| | ⚠ **COURT USE ONLY** ⚠ |
| | Case Number: 2017CV31173 |
| | Division: 2          Courtroom: |
| **Order: Amended Motion for Extension of Time to File Return of Service and Status Report** | |

The motion/proposed order attached hereto: GRANTED WITH AMENDMENTS.

The Court's denial of Plaintiff's previous Motion was indeed because of her incorrect citation regarding the actual case currently on cert to the Colorado Supreme Court, and this Court's consequent inability to independently consider the timing in question and the extent to which the anticipated Supreme Court ruling is likely to be dispositive of the litigation. The Court grants this Motion for Extension of Time, but notes somewhat less confidence than Plaintiff in the likelihood of a Supreme Court opinion prior to April 2, 2018. In the event that the Supreme Court opinion is not issued by April 2, 2018, Plaintiff shall serve Defendant, and the Court would entertain a joint motion for stay of the proceedings, should the parties agree to that course of action.

Plaintiff is GRANTED an extension of time, up to and including April 2, 2018 in which to have the Complaint served.

Issue Date: 2/14/2018

NANCY WOODRUFF SALOMONE
District Court Judge

| | |
|---|---|
| **DISTRICT COURT, BOULDER COUNTY,**<br>**STATE OF COLORADO**<br><br>**Court Address: 1777**<br>**Sixth Street**<br>**Boulder, CO  80302** | |
| **Plaintiff:**      Jacqueline Kremlacek, individually and on<br>behalf of all persons similarly situated<br><br>**v.**<br><br>**Defendant:**   Progressive Direct Insurance Company, a<br>foreign corporation | Δ COURT USE ONLY Δ<br><br>Case No.: 2017CV31173 |
| *Attorneys for Plaintiff:*<br><br>John G. Taussig, III, #13496<br>Scott D. Smith, # 35009<br>TAUSSIG & SMITH, P.C.<br>5377 Manhattan Circle, Suite 203<br>Boulder, Colorado 80303<br>Telephone:    303-443-2700<br>Facsimile:    303-448-9600<br>E-Mail:       jt@taussigsmith.com<br>              scott@taussigsmith.com<br><br>Gregory A. Gold, No. 26064<br>Michael J. Rosenberg, No. 27471<br>THE GOLD LAW FIRM, L.L.C.<br>7375 East Orchard Road, Suite 300<br>Greenwood Village, CO 80111<br>Telephone:  (303) 694-4653<br>Facsimile:   (303) 468-6155<br>Email: Greg@TheGoldLawFirm.net<br>        Mike@TheGoldLawFirm.net | |
| **AMENDED MOTION FOR EXTENSION OF TIME TO FILE RETURN OF SERVICE**<br>**AND STATUS REPORT** | |

COMES NOW the Plaintiff Jacqueline Kremlacek, by and through her attorneys, John G.

Taussig, III of Taussig & Smith, PC, Gregory A. Gold and Michael J. Rosenberg of The Gold

Law Firm, LLC and submits the following Amended Motion for Extension of Time to File

Return of Service and Status Report.

1.      On January 29, 2018, Plaintiff, in her motion requesting additional time, cited the

case of *Munoz v. State Farm Mut. Auto. Ins. Co*., App. 1998, 968 P.2d 126 in

error.  The case that Plaintiff was referring to is *Joel Munoz v. American Family*

*Mutual Insurance Company*, Court of Appeals No. 16CA416; No. 17SC247. A

copy of the Supreme Court's Order granting certiarori is attached and labeled

Exhibit 1.

2.      Plaintiff suggests waiting for the Colorado Supreme Court's ruling in *Munoz v.*

*American Family Mutual Insurance Company,* which is expected in the near

future, before proceeding with this case is in the interest of justice as it will have a

significant effect on this case. The Court's ruling seemed in part based on the

mistake Plaintiff made in citing the wrong case. Plaintiff would request that she

be allowed an additional 63 days for the reasons stated in her original motion.

Once the Supreme Court's ruling comes down in *Munoz*, Plaintiff will notify this

Court immediately and send this complaint out for service, unless some other

action is more appropriate based on the ruling.

3.      It is in the interest of justice and consistent with C.R.C.P. 1 to allow

Plaintiff the additional time she requests. If the Colorado Supreme Court rules

consistent with Plaintiff's claims, no party will be prejudiced by this delay as this

case will be resolved by dispositive motions. There are few, if any, relevant,

disputed facts. If the Supreme Court rules the other way, Plaintiff can choose to

dismiss this case and it serves justice to avoid forcing Defendant to Answer a

Complaint when it may be unnecessary.

4.    Plaintiff requests an additional sixty three (63) days to either serve the Complaint

or provide this Court with a status report as the developments in this matter.

5.    Plaintiff has not abandoned her claim.  To the contrary, she has taken appropriate

steps to preserve them.  *Levine v. Colorado Transportation Company,* 429 P. 2d

274, 276 (Colo. 1967); *Mizar v. Jones,* 403 P.2d 767 (Colo. 1965).


Wherefore, Plaintiff requests that this Court grant her an extension of time, up to and

including April 2, 2018 in which to have the Complaint served otherwise indicate why other

action is appropriate.


Respectfully submitted this 6th day of February 2018.

TAUSSIG & SMITH, P.C.

By:  /s/ John G. Taussig, III_____
John G. Taussig, III #13496
Attorney for Plaintiff

## AFFIDAVIT OF SERVICE

State of Colorado        County of BOULDER        District Court

DISTRICT COURT, BOULDER COUNTY, COLORADO
1777 Sixth Street
Boulder, CO 80302

DATE FILED: April 2, 2018 12:31 PM
FILING ID: 347366AF655B6
CASE NUMBER: 2017CV31173

Case Number: 2017CV31173

Plaintiff:
**JACQUELINE KREMLACEK, INDIVIDUALLY AND ON BEHALF OF ALL PERSON
SIMILARLY SITUATED**

vs.

Defendant:
**PROGRESSIVE DIRECT INSURANCE COMPANY, a foreign corporation**

For:
TAUSSIG & SMITH, P.C.
5377 Manhattan Circle
Suite 203
Boulder, CO 80303

Received by CLT PROFESSIONAL SERVICES, LLC. to be served on:
Progressive Direct Insurance Company c/o The Corporation Company, 7700 E. Arapahoe Road,
Suite 220, Centennial, CO 80112

I, Christopher Lacey, being duly sworn, depose and say that on the 2nd day of April, 2018 at
_12:18_ a.m./(p.m.), I:

INDIVIDUALLY/PERSONALLY delivered a true copy of the **DISTRICT COURT CIVIL SUMMONS;
DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF
COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT; AND
COMPLAINT AND JURY DEMAND** with the date and hour of service endorsed by me, was served on:
_Emily Rauch_ , Process Specialist, for The Corporation Company, 7700 E. Arapahoe
Road, Suite 220, Centennial, CO 80112 as the registered agent for **Progressive Direct Insurance
Company**, in the county of Arapahoe, and informed said person of the contents therein, in compliance with
state statues,

I certify that I am over the age of 18 and have no interest in the above action.

Subscribed and Sworn to before me on this
2nd day of April, 2018 by the affiant.

_____
NOTARY PUBLIC

Christopher Lacey
CLT PROFESSIONAL SERVICES, LLC
PO Box 17361
Boulder, CO 80308
Our Job Serial Number: CLT-2017001292

HELEN HAFER
Notary Public
State of Colorado
Notary ID # 19974010524
My Commission Expires 06-11-2021

DATE FILED: April 2, 2018 12:31 PM
FILING ID: 347366AF655B6
CASE NUMBER: 2017CV31173

| | | |
|---|---|---|
| **DISTRICT COURT, BOULDER COUNTY, STATE OF COLORADO** | | |
| **Court Address: 1777 Sixth Street Boulder, CO 80302** | | |
| **Plaintiff:** Jacqueline Kremlacek, individually and on behalf of all persons similarly situated | Δ COURT USE ONLY Δ | |
| **v.** | Case No.: 2017CV31173 | |
| **Defendant:** Progressive Direct Insurance Company, a foreign corporation | | |
| *Attorneys for Plaintiff:*<br><br>John G. Taussig, III, #13496<br>Scott D. Smith, # 35009<br>TAUSSIG & SMITH, P.C.<br>5377 Manhattan Circle, Suite 203<br>Boulder, Colorado 80303<br>Telephone:    303-443-2700<br>Facsimile:     303-448-9600<br>E-Mail:         jt@taussigsmith.com<br>                    scott@taussigsmith.com<br><br>Gregory A. Gold, No. 26064<br>Michael J. Rosenberg, No. 27471<br>THE GOLD LAW FIRM, L.L.C.<br>7375 East Orchard Road, Suite 300<br>Greenwood Village, CO 80111<br>Telephone:  (303) 694-4653<br>Facsimile:   (303) 468-6155<br>Email: Greg@TheGoldLawFirm.net<br>          Mike@TheGoldLawFirm.net | | |

## DISTRICT COURT CIVIL SUMMONS

**TO THE ABOVE NAMED DEFENDANT: Progressive Direct Insurance Company**

You are hereby summoned and required to file with the Clerk of this Court an Answer or other response to the attached Complaint. If the service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your Answer or other response

within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your Answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your Answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

The following documents are also served herewith: Complaint and Jury Demand and the District Court Civil Case Cover Sheet.

Respectfully submitted this 30th day of March, 2018.

*A Duly signed original is on file at the Taussig & Smith, PC*

John G. Taussig, III, No. 13496
ATTORNEY FOR PLAINTIFF

2

<table>
<tr><td>

DISTRICT COURT, COUNTY OF BOULDER,
STATE OF COLORADO
Boulder Justice Center
P.O. Box 4249
Boulder, CO 80306-4249

</td><td>

DATE FILED: April 20, 2018 4:03 PM
FILING ID: AF373A8ABB9F4
CASE NUMBER: 2017CV31173

</td></tr>
</table>

|  |  |
|---|---|
| **Plaintiff:** JACQUELINE KREMLACEK,<br><br>v.<br><br>**Defendant:** PROGRESSIVE DIRECT INSURANCE COMPANY. | **▲ COURT USE ONLY ▲** |
| Attorney or Party Without Attorney:<br>Name:       Casie D. Collignon, No. 35160<br>               Justin T. Winquist, No. 41367<br>Address:   BAKER & HOSTETLER LLP<br>               1801 California Street<br>               Suite 4400<br>               Denver, CO  80202-2662<br>Telephone:  303.861.0600<br>Fax:         303.861.7805<br>E-Mail:     ccollignon@bakerlaw.com<br>               jwinquist@bakerlaw.com | Case Number:  2017CV31173 |

**MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

Defendant Progressive Direct Insurance Company ("Progressive"), by and through counsel, respectfully moves this Court for an extension of time until May 7, 2018, in which to answer or otherwise respond to Plaintiff's Complaint.

### C.R.C.P. 121, Section 1-15(8) Certificate of Conferral

Progressive's counsel certify that they conferred with Plaintiff's counsel on April 18, 2018 concerning the extension requested in this motion and the other matters set forth herein. Progressive's counsel followed up on Plaintiff's position on the requested extension by voicemail

and email on April 20, 2018.  Progressive has not received Plaintiff's position on the extension

and therefore assumes for present purposes that Plaintiff may oppose.

### Grounds for Extension

1.        Plaintiff filed her complaint on November 27, 2017.

2.        On January 31, 2018, the Court issued its "Order:  Motion for Extension of Time

to File and Return Service and Status Report" granting Plaintiff until February 3, 2018 to serve her

complaint in light of the Colorado Supreme Court's ruling pending in the appeal of the Colorado

Court of Appeals' decision in *Munoz v. State Farm Mut. Auto. Ins. Co.,* 968 P.2d 126 (Colo. App.

1998).

3.        On February 14, 2018 the Court then issued its "Order:  Amended Motion for

Extension of Time to File and Return Service and Status Report" extending Plaintiff's time to

serve until April 2, 2018.   In the same order, the Court noted:  "In the event that the Supreme

Court opinion is not issued by April 2, 2018, Plaintiff shall serve Defendant, and the Court would

entertain a joint motion for stay of the proceedings, should the parties agree to that course of

action."

4.        Progressive was served on April 2, 2018.

5.        On April 13, 2018, the Colorado Supreme Court set oral argument in the *Munoz*

appeal (2017SC247) for June 27, 2018.

6.        Progressive's responsive pleading is currently due in this case April 23, 2018.

7.        The parties have already conferred about the appropriate way to proceed with this

case, given that the legal theory underlying it depends on the outcome of *Munoz*.  Specifically, the

parties have discussed a potential stay, motion to dismiss, and other options on how to proceed most efficiently.

8.      Progressive requests a brief two-week extension of its response deadline so that parties can continue conferring about the most efficient and appropriate course for this case.

9.      Progressive submits that good cause exists for this extension for the reasons above, and that neither the parties nor the Court will be prejudiced by the brief delay given the status of *Munoz* being scheduled for argument in late June 2018.

WHEREFORE, Defendant Progressive Direct Insurance Company respectfully requests the Court enter an order allowing it to answer or otherwise respond to the complaint by May 7, 2018.

Dated: April 20, 2018

Respectfully submitted,

BAKER & HOSTETLER LLP
*Duly signed original on file at the offices of*
*Baker & Hostetler* LLP


By:      */s/ Casie D. Collignon*
         Casie D. Collignon (35160)
         ccollignon@bakerlaw.com
         Justin T. Winquist (41367)
         jwinquist@bakerlaw.com

*Attorneys for Defendant*
*PROGRESSIVE DIRECT INSURANCE*
*COMPANY*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing **MOTION FOR EXTENSION OF**

**TIME TO RESPOND TO PLAINTIFF'S COMPLAINT** was filed and served via the Court's

electronic filing system on this 20th day of April, 2018, on the following:

      John G. Taussig, Esq.
      Scott D. Smith, Esq.
      TAUSSIG & SMITH, PC
      5377 Manhattan Circle, Suite 203
      Boulder, CO  80303

      Gregory A. Gold, Esq.
      Michael J. Rosenberg, Esq.
      THE GOLD LAW FIRM, LLC
      7375 East Orchard Road, Suite 300
      Greenwood Village, CO  80111

                                         */s/*

DISTRICT COURT, COUNTY OF BOULDER,
STATE OF COLORADO
Boulder Justice Center
1777 Sixth Street
Boulder, CO 80306-4249

DATE FILED: April 20, 2018 4:03 PM
FILING ID: AF373A8ABB9F4
CASE NUMBER: 2017CV31173

**Plaintiff:** JACQUELINE KREMLACEK,

v.

**Defendant:** PROGRESSIVE DIRECT INSURANCE
COMPANY.

▲ **COURT USE ONLY** ▲

Case Number: 2017CV31173

**{PROPOSED} ORDER GRANTING DEFENDANT'S MOTION FOR EXTENSION OF
TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

The Court, having reviewed Defendant Progressive Direct Insurance Company's Motion
for Extension of Time to Respond to Plaintiffs' Complaint, hereby GRANTS the Motion.

Defendant shall have until May 7, 2018, in which to answer or otherwise respond to
Plaintiff's Complaint.

Dated this _____ day of April, 2018.

BY THE COURT:

_____
District Court Judge

| DISTRICT COURT, BOULDER COUNTY, COLORADO | |
|---|---|
| Court Address: | |
| 1777 Sixth Street P.O. Box 4249, Boulder, CO, 80306-4249 | DATE FILED: April 25, 2018 11:57 AM |
| **Plaintiff(s)** JACQUELINE KREMLACEK | CASE NUMBER: 2017CV31173 |
| v. | |
| **Defendant(s)** PROGRESSIVE DIRECT INSURANCE COMPANY | |
| | ⚠ **COURT USE ONLY** ⚠ |
| | Case Number: 2017CV31173 |
| | Division: 2          Courtroom: |
| **Order: Motion for Extension of Time to Respond to Plaintiff's Complaint** | |

The motion/proposed order attached hereto: GRANTED.

Defendant shall answer or otherwise respond to the complaint by May 7, 2018.

Issue Date: 4/25/2018

NANCY WOODRUFF SALOMONE
District Court Judge

<table>
<tr><td>

DISTRICT COURT, COUNTY OF BOULDER,
STATE OF COLORADO
Boulder Justice Center
P.O. Box 4249
Boulder, CO 80306-4249

</td><td rowspan="2"></td></tr>
</table>

| | |
|---|---|
| DISTRICT COURT, COUNTY OF BOULDER, STATE OF COLORADO<br>Boulder Justice Center<br>P.O. Box 4249<br>Boulder, CO 80306-4249 | |
| **Plaintiff:** JACQUELINE KREMLACEK,<br><br>v.<br><br>**Defendant:** PROGRESSIVE DIRECT INSURANCE COMPANY. | ▲ **COURT USE ONLY** ▲ |
| Attorney or Party Without Attorney:<br>Name:      Casie D. Collignon, No. 35160<br>             Justin T. Winquist, No. 41367<br>Address:    BAKER & HOSTETLER LLP<br>             1801 California Street<br>             Suite 4400<br>             Denver, CO  80202-2662<br>Telephone:   303.861.0600<br>Fax:          303.861.7805<br>E-Mail:     ccollignon@bakerlaw.com<br>            jwinquist@bakerlaw.com | Case Number:  2017CV31173 |

**MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

Defendant Progressive Direct Insurance Company ("Progressive"), by and through counsel, respectfully moves this Court for an extension of time until May 7, 2018, in which to answer or otherwise respond to Plaintiff's Complaint.

### C.R.C.P. 121, Section 1-15(8) Certificate of Conferral

Progressive's counsel certify that they conferred with Plaintiff's counsel on April 18, 2018 concerning the extension requested in this motion and the other matters set forth herein. Progressive's counsel followed up on Plaintiff's position on the requested extension by voicemail

and email on April 20, 2018.  Progressive has not received Plaintiff's position on the extension and therefore assumes for present purposes that Plaintiff may oppose.

### Grounds for Extension

1.      Plaintiff filed her complaint on November 27, 2017.

2.      On January 31, 2018, the Court issued its "Order:  Motion for Extension of Time to File and Return Service and Status Report" granting Plaintiff until February 3, 2018 to serve her complaint in light of the Colorado Supreme Court's ruling pending in the appeal of the Colorado Court of Appeals' decision in *Munoz v. State Farm Mut. Auto. Ins. Co.,* 968 P.2d 126 (Colo. App. 1998).

3.      On February 14, 2018 the Court then issued its "Order:  Amended Motion for Extension of Time to File and Return Service and Status Report" extending Plaintiff's time to serve until April 2, 2018.   In the same order, the Court noted:  "In the event that the Supreme Court opinion is not issued by April 2, 2018, Plaintiff shall serve Defendant, and the Court would entertain a joint motion for stay of the proceedings, should the parties agree to that course of action."

4.      Progressive was served on April 2, 2018.

5.      On April 13, 2018, the Colorado Supreme Court set oral argument in the *Munoz* appeal (2017SC247) for June 27, 2018.

6.      Progressive's responsive pleading is currently due in this case April 23, 2018.

7.      The parties have already conferred about the appropriate way to proceed with this case, given that the legal theory underlying it depends on the outcome of *Munoz.*  Specifically, the

parties have discussed a potential stay, motion to dismiss, and other options on how to proceed most efficiently.

8.    Progressive requests a brief two-week extension of its response deadline so that parties can continue conferring about the most efficient and appropriate course for this case.

9.    Progressive submits that good cause exists for this extension for the reasons above, and that neither the parties nor the Court will be prejudiced by the brief delay given the status of *Munoz* being scheduled for argument in late June 2018.

WHEREFORE, Defendant Progressive Direct Insurance Company respectfully requests the Court enter an order allowing it to answer or otherwise respond to the complaint by May 7, 2018.

Dated: April 20, 2018                        Respectfully submitted,

                                             BAKER & HOSTETLER LLP
                                             *Duly signed original on file at the offices of*
                                             *Baker & Hostetler* LLP


                                             By:    */s/ Casie D. Collignon*
                                                    Casie D. Collignon (35160)
                                                    ccollignon@bakerlaw.com
                                                    Justin T. Winquist (41367)
                                                    jwinquist@bakerlaw.com

                                             *Attorneys for Defendant*
                                             *PROGRESSIVE DIRECT INSURANCE*
                                             *COMPANY*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT** was filed and served via the Court's electronic filing system on this 20th day of April, 2018, on the following:

> John G. Taussig, Esq.
> Scott D. Smith, Esq.
> TAUSSIG & SMITH, PC
> 5377 Manhattan Circle, Suite 203
> Boulder, CO  80303
>
> Gregory A. Gold, Esq.
> Michael J. Rosenberg, Esq.
> THE GOLD LAW FIRM, LLC
> 7375 East Orchard Road, Suite 300
> Greenwood Village, CO  80111

*/s/*
_____